RECEIPT # 61632
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 1/24/05

FILED
IN CLERK'S OFFICE

2005 JAN 24 P 4: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
AMERIQUEST MORTGAGE COMPANY, )
    Plaintiff, )
 )     05-10142 WGY
v. )
 )     CIVIL ACTION NO.
ALLIED HOME MORTGAGE CAPITAL CORP. )
AND PAUL D. HARRISON, )
    Defendants. )
 )     MAGISTRATE JUDGE Collings

# COMPLAINT

Plaintiff Ameriquest Mortgage Company ("Ameriquest"), by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, submits the following Complaint against defendants Allied Home Mortgage Capital Corporation ("Allied") and Paul D. Harrison ("Mr. Harrison") (Allied and Mr. Harrison being referred to collectively hereafter as the "Defendants").

## THE PARTIES

1.   Plaintiff Ameriquest is a Delaware corporation having its principal place of business in Orange, California.

2.   Upon information and belief, defendant Allied is a Texas corporation having its principal place of business at 6110 Pinemont Street, Houston, Texas 77092, and offices in Milford, Fall River, Foxboro, Framingham, Harwichport, Needham, New Bedford, Newton, Norwell, Plymouth, Rockland, Somerset, Wakefield, and Worcester, Massachusetts.

3.   Upon information and belief, defendant Mr. Harrison resides in the Commonwealth of Massachusetts and is employed by Allied.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Allied because Allied has at least fourteen separate offices in the Commonwealth of Massachusetts, has transacted business in this Commonwealth, and has caused harm or tortious injury in this Commonwealth by acts within the Commonwealth.

5. This Court has personal jurisdiction over Mr. Harrison because he has caused harm or tortious injury in this Commonwealth by acts within the Commonwealth.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), with respect to the state law claims asserted herein.

7. This Court is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1) and (c) because subject matter jurisdiction is not founded solely on diversity of citizenship and Allied resides in this judicial district.

## NATURE OF THE CASE

8. This is an action for false advertisement under the Lanham Act, 15 U.S.C. § 1051, et seq., and unfair competition in violation of Mass. Gen. L. ch. 93A, all arising out of the Defendants' unlawful mailing of a patently false and disparaging advertisement to one of Ameriquest's existing clients on or about December 2, 2004. Ameriquest brings this action to (i) protect its reputation and consumer good will; (ii) prevent further and continuing deception of the consuming public by the Defendants; and (iii) avoid the irreparable harm occasioned by the loss of its present and future customers.

## FACTUAL BACKGROUND

9. Ameriquest is a national mortgage lender with headquarters in Orange, California. Ameriquest is in the business of originating and servicing home mortgage loans through more than 270 branch offices across the United States, including 11 branch offices in the Commonwealth of Massachusetts.

10. Ameriquest has been registered to do business in Massachusetts since or before August 1994, and has been conducting business in Massachusetts since the date it was registered to do business.

11. At all times relevant to this lawsuit, Ameriquest has been doing business in Massachusetts, and originating, refinancing and servicing loans made to Massachusetts residents.

12. According to its own website, Allied is the largest privately held mortgage banker/mortgage broker in the United States, with more than 700 offices in 48 states, Guam, Puerto Rico and the Virgin Islands. As such, Allied and Ameriquest are competitors in the mortgage and lending industries.

13. Upon information and belief, Mr. Harrison is a certified mortgage counselor for Allied, working in Allied's Milford, Massachusetts office.

14. On or about December 2, 2004, Ameriquest became aware that Allied had sent a letter to one of Ameriquest's customers who had recently refinanced his mortgage with Ameriquest, which advertisement falsely represented that (1) "Ameriquest has recently closed all its refinance operations in Massachusetts"; (2) that Ameriquest had done so "in reaction to a new state law regarding predatory lending"; and (3) that customers and potential customers of Ameriquest will "improve [their] current situation." Having falsely represented that Ameriquest was no longer refinancing mortgages in Massachusetts due to the new predatory lending law,

3

Allied then informed this customer that he could obtain a new and better loan, and obtain further assistance, from Allied and certain unnamed mortgage lenders with whom Allied allegedly had alliances with. Mr. Harrison is the signatory of this false and disparaging advertisement, dated December 2, 2004, a copy of which is attached hereto as Exhibit A and is incorporated herein by reference.

15. The false and disparaging advertisement sent to Ameriquest's customer was a standard form letter, which Ameriquest believes may have been sent to each of Ameriquest's customers that entered into refinance loans with Ameriquest.

## FIRST CLAIM FOR RELIEF

### False Advertising and Unfair Competition (Lanham Act)

16. Each of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

17. The Defendants' use of the previously described false representations of fact in the advertisement sent to Ameriquest's client, on or about December 2, 2004, constituted false advertisement and trade disparagement of Ameriquest's goods, services and/or commercial activities, all in violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Any additional advertisements containing such representations would also be in violation of § 43(a)(1)(B) of the Lanham Act.

18. Ameriquest is likely to lose customers due to the Defendants' false and misleading advertisements, and will continue to lose additional customers and potential customers unless the Defendants are enjoined by this Court from continuing to mail such false and misleading advertisements.

4

19. The Defendants' false and misleading advertisements are likely to cause Ameriquest's customers to terminate their contracts with Ameriquest, and to refuse to seek additional financings through Ameriquest.

20. The Defendants' false and misleading advertisements have deceived, and/or are likely to deceive, a substantial portion of the Ameriquest clients and customers receiving such advertisements.

21. The Defendants placed the false and misleading advertisements in the United States Mail, and, upon information and belief, the false and misleading advertisement have had a substantial effect on interstate commerce.

22. The Defendants' intentional acts described herein have injured Ameriquest's business, reputation, and goodwill, and unless restrained and enjoined, will continue to do so, all to Ameriquest's irreparable harm and monetary damage.

23. The Defendants' intentional acts described herein have also deceived and injured the consuming public, by deceiving the public with such false and misleading advertisements, and unless restrained and enjoined, will continue to do so.

## SECOND CLAIM FOR RELIEF
### Violation of Mass. Gen. L. ch. 93A

24. Each of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

25. The Defendants were, at all relevant times, engaged in commerce.

26. The Defendants' false advertisements have been directed to Ameriquest's customers and business relations in the Commonwealth of Massachusetts.

27. By their conduct, as described herein, the Defendants engaged in unfair or deceptive trade practices in violation of Mass. Gen. L. ch. 93A, § 11.

28. The Defendants' unfair and deceptive trade practices impact the public interest by causing consumer confusion.

29. The Defendants' unfair and deceptive acts have been willful and knowing.

30. Ameriquest has been damaged by the Defendants' conduct as described herein, and will continue to be irreparably harmed by the Defendants' conduct unless the Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Ameriquest respectfully requests that the Court award it the following relief:

1. That this Court grant a preliminary and permanent injunction enjoining the Defendants, and each of the Defendants' respective partners, associates, agents, servants, and employees, and all others acting in concert therewith or having knowledge thereof, from distributing any advertisements containing false, misleading and/or disparaging descriptions or representations of fact relating to Ameriquest and/or Ameriquest's products, services or commercial activities.

2. That this Court order the Defendants to file and serve on Ameriquest, within thirty days after service on the Defendants of the requested injunction, a written report, submitted under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction.

3. That this Court order the Defendants to file and serve on Ameriquest, within thirty days after service on the Defendants of the requested injunction, a written report,

submitted under oath, setting forth in detail the facts and circumstances surrounding the distribution of advertisements such as the one described herein, including the name of each customer of Ameriquest that was sent the advertisement containing such false of misleading descriptions of fact or representations of fact (or any similarly false or misleading advertisement), the name of any other parties who received the advertisement, and any such persons or parties that executed agreements with Allied or any of the lenders affiliated with Allied following their receipt of the advertisement.

4.  That the Defendants be required to account to and reimburse Ameriquest for any and all profits that the Defendants have derived as a result of the false and misleading advertisements.

5.  That the Defendants be required to pay treble the amount of any profits derived from entering into contracts with Ameriquest customers upon such customers' receipt of the false and misleading advertisement, and/or treble the amount of damages determined by this Court to be owed to Ameriquest.

6.  That this Court award Ameriquest its costs and reasonable attorneys' fees.

7.  That this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

>Respectfully submitted,
>AMERIQUEST MORTGAGE COMPANY,
>By its Attorneys,
>
>_____
>Daniel E. Rosenfeld (BBO #560226)
>Robert T. Milanette (BBO #641149)
>KIRKPATRICK & LOCKHART NICHOLSON
>GRAHAM LLP
>75 State Street
>Boston, MA 02109
>617-261-3100
>617-261-3175 (fax)

Dated: January 24, 2005

8



**ALLIED HOME MORTGAGE CAPITAL CORPORATION**
**COAST TO COAST**

Re: AMERIQUEST MORTGAGE

You obtained a mortgage in the last 12 months from Ameriquest mortgage. We have your original loan amount and closing date on file for you assistance.

Ameriquest has recently closed all its refinance operations in Massachusetts in reaction to a new state law regarding predatory lending. Don't worry; we have formed an alliance with several mortgage lenders that have agreed to improve your current situation.

We will be able to reduce your prepayment amount in half, consolidate debts and give cash back at closing. An opportunity still exists to lower your payment with a start rate of 1.50 % (APR 4.12) or less.

The new mortgage is one consolidated payment based on the equity in your home and your payment history. A new loan enables you to skip a mortgage payment and have no out of pocket expenses.

Sincerely,

PAUL D. HARRISON
CERTIFIED MORTGAGE COUNSELOR
508-381-6426

30 year term / Rates subject to approval, terms and conditions

MA Mortgage Company MC0303

189 Main Street, Milford, MA 01757     Tel: (508) 422-9800 X 412



JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
IN CLERKS OFFICE
2005 JAN 24 P 4:00
U.S. DISTRICT COURT
DISTRICT OF MASS

## I. (a) PLAINTIFFS
Ameriquest Mortgage Company

## DEFENDANTS
Allied Home Mortgage Capital Corporation and Paul D. Harrison

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _See Exhibit A_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _See Exhibit A_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel E. Rosenfeld/Robert T. Milanette
Kirkpatrick & Lockhard Nicholson Graham LLP
75 State St., Boston, MA 02109   (617) 261-3100

ATTORNEYS (IF KNOWN)
(unknown)

05  10142  WGY

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|                                    | PTF | DEF |                                                          | PTF | DEF |
|------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State              | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State           | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                      | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of Section 43(a)(1)(B) of Lanham Act, 15 USC Section 1125(a)(1)(B), and M.G.L. ch. 93A

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: January 24, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**EXHIBIT A TO CIVIL ACTION COVER SHEET**

Counties of Residency of Plaintiff and Defendants

Residency of Plaintiff Ameriquest Mortgage Company.

Plaintiff Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation having its principal place of business in Orange, California. Ameriquest is registered to do business in Massachusetts and has eleven branch offices in Massachusetts, including offices in each of the following counties:

Bristol
Hamden
Middlesex
Norfolk
Worcester


Residency of Defendants Allied Home Mortgage Capital Corporation and Paul D. Harrison.

Defendant Allied Home Mortgage Capital Corporation ("Allied") is, upon information and belief, a Texas corporation having its principal place of business in Houston, Texas. Allied is registered to do business in Massachusetts and has offices in Massachusetts, including offices in each of the following counties:

Barnstable
Bristol
Middlesex
Norfolk
Plymouth
Worcester


Ameriquest is not aware of the county of residence of defendant Paul D. Harrison.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Ameriquest Mortgage Company v. Allied Home Mortgage Capital Corp. et al.

   FILED IN CLERKS OFFICE
   2005 JAN 24 P 4:00
   U.S. DISTRICT COURT
   DISTRICT OF MASS.
   05 10142 WGY

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES____No____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES____No____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES____No____ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern/Central

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____ N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Daniel E. Rosenfeld/Robert T. Milanette
ADDRESS   Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109
TELEPHONE NO.   617-261-3100

(Category.frm - 09/92)